# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ADAM N. BOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:08 CV 190 JM |
| | ) |
| CITY OF GARRETT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Adam Bock filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging the violation of his federally protected rights, and seeks leave to proceed *in forma pauperis*. Subsequently he filed an amended complaint that added and dropped defendants. The defendants named in the amended complaint are the DeKalb County Prosecutor's Office, Noble County Sheriff Gary Leatherman, the City of Auburn, the Image Drug Task Force, Douglas Atz (a City of Kendallville official), Garret Mayor David Wiant, the Noble County Prosecutor, DeKalb County Sheriff John Dennis, and the Indiana State Police. The plaintiff seeks $21,000,000.00 in damages.

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

damages from an immune defendant. 28 U.S.C. §1915(e)(2).

Bock alleges he was the victim of a malicious prosecution, and names the Noble and DeKalb County prosecutor's offices as defendants. Prosecutors, however, have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. "This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). The conduct Bock asserts in his complaint constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, these defendants are entitled to prosecutorial immunity.

Bock states that he is suing the Indiana State Police, and presumably the Image Drug Task Force, various sheriffs, and other municipal officials named as defendants:

> for taking part in a prosecutions case which happened on or about 2-17-03 and resulting in a false arrest, malicious prosecution, and a violation of my civil rights that are protected under the 4th and 14th amendments of the Constitution of the United States. The case was dismissed on 8-14-06.

Amended Complaint at p. 2.

Copies of tort claim notices the plaintiff attaches to his amended complaint establish that in 2003 police agencies conducted a "drug and handgun investigation"

against Bock. (Exhibit A attached to the Amended Complaint). These investigations culminated in criminal charges being lodged against Bock. The prosecution voluntarily dismissed the charges against Bock on August 14, 2006. (Exhibit C attached to the Amended Complaint).

Bock's damage claims against the Indiana State Police are barred by the Constitution's Eleventh Amendment, which provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). Accordingly, the Eleventh Amendment bars the plaintiff's damage claims against the Indiana State Police Department

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). When reviewing § 1983 actions, "federal Courts adopt the forum state's statute of limitations for personal injury claims." *Johnson v. Riviera*, 272 F.3d 519, 521 (7th Cir. 2001). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military*

3

*School*, 227 F.3d 981, 988 (7th Cir. 2001); *Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983").

The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994). The plaintiff filed his complaint over two years after the police search and seizure he complains of, but within two years of the dismissal of the criminal charges against him.

The events Bock complains of occurred more than two years before he filed his original complaint in this case. Where a person has been convicted of a crime he may not seek damages in a § 1983 action on claims that would require a finding or judgment that would render a conviction or sentence invalid, until he can "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). But *Heck v. Humphrey* "does not affect litigation about police misconduct in the investigation of a crime." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). Accordingly, that Bock filed his complaint within two years of the dismissal of the charges against him does not bring him within the statute of limitations, and his claims against Sheriff Gary Leatherman, the City of Auburn, the Image Drug Task

4

Force, Douglas Atz, David Wiant, and Sheriff Dennis, are barred by the statute of limitations.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (DE #2) and **DISMISSES** this cause of action.

**SO ORDERED.**

DATE: October 23, 2008

        s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT